UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLIE A. CALLAIS                                          CIVIL ACTION

VERSUS                                                       NO. 21-96

CAPITAL ONE BANK AND                                        SECTION M (3)
DEAN MORRIS, L.L.C.

## ORDER

Plaintiff Charlie A. Callais, *pro se*, filed this action in state court alleging that defendants Capital One Bank and Dean Morris, L.L.C. ("Dean Morris"), unlawfully foreclosed on the mortgage on the home he once shared with his former wife.[1] Callais prays that the defendants be found liable for harassment for enforcing their security interest.[2] Dean Morris removed the case to this Court, alleging federal question subject-matter jurisdiction under 28 U.S.C. § 1331 on the ground that Callais's "vague" petition "present[s] claims that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*"[3]

Under § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule instructs that "[a] federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

---

[1] R. Doc. 1-1.
[2] *Id.* at 9.
[3] R. Doc. 1 at 2.

Finding that Dean Morris's notice of removal did not explain adequately how Callais's petition alleges a Fair Debt Collection Practices Act ("FDCPA") claim, this Court ordered Dean Morris to show cause why this matter should not be dismissed due to the absence of federal question subject-matter jurisdiction under 28 U.S.C. § 1331.  Instead of showing cause establishing federal question subject-matter jurisdiction, Dean Morris filed a stipulation consenting to remand. Accordingly, because this Court lacks subject-matter jurisdiction,

IT IS ORDERED that this case is REMANDED to state court.

New Orleans, Louisiana, this 1st day of March, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE